**UNITED STATES of America Appellee,**

v.

**Paul AZZARA, Defendant–Appellant.**

No. 02–1739.

United States Court of Appeals,
Second Circuit.

Jan. 29, 2003.

Kerry Lawrence, Briccetti, Calhoun & Lawrence, White Plains, NY, for Defendant–Appellant.

Stephen Feldman, Assistant United States Attorney, Southern District of New York, White Plains, NY, James B. Comey, United States Attorney (on the brief), for Government.

Present: NEWMAN, KATZMANN, and RAGGI, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 29th day of January, two thousand three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the

judgment of the District Court be and it hereby is AFFIRMED.

Defendant–Appellant Paul Azzara appeals the District Court's oral ruling, pursuant to 18 U.S.C. § 3142(e), denying his bail request and remanding him into custody. For the reasons that follow, we affirm the decision of the District Court.

Background

Azzara was arrested pursuant to a complaint on September 25, 2002, and charged with mailing threatening communications in violation of 18 U.S.C. § 876, and with Hobbs Act extortion, in violation of 18 U.S.C. § 1951. Specifically, the complaint charged that Azzara wrote a letter to his ex-girlfriend's father threatening to attempt to ruin the ex-girlfriend's business career by publishing on the internet video of Azzara and the woman engaged in "S & M" sexual activity unless the woman's employer paid him $3,000,000. Azzara was formally indicted on these charges on November 13, 2002.

At the close of Azzara's initial appearance before Magistrate Judge George A. Yanthis, the court ordered him detained pending trial. Azzara appealed this determination, and the district court (Colleen McMahon, *Judge*) continued the detention, finding that Azzara posed a threat to the complainant and her family, and that no condition or combination of conditions was reasonably likely to ensure his appearance at trial. The court based its conclusions on a psychiatric evaluation and on Azzara's history of failure to comply with court orders in matters having to do with the complainant. After new counsel was substituted, the court revisited the issue of bail, holding two hearings at which the court considered the provenance and probative value of two letters recovered during a search pursuant to a search warrant of Azzara's room, one of which, from December 2001, expressed Azzara's intent to "pay back" his former girlfriend for perceived wrongs and to ignore any court orders limiting his conduct "regardless of the consequences." The court also heard further argument concerning Azzara's previous arrest in Florida for an incident involving the complainant and her family. At the close of the second hearing, the court reaffirmed its ruling. This motion followed.

Analysis

This Court reviews the district court's determination of historical facts for clear error. *See United States v. Gotti,* 794 F.2d 773, 778 (2d Cir.1986). The ultimate determination of whether any conditions will assure defendant's appearance is a mixed question of law and fact, *see United States v. Ferranti,* 66 F.3d 540, 542 (2d Cir.1995), and this Court will set aside a determination if it is based on a mistake of law, *see United States v. Shakur,* 817 F.2d 189, 197 (2d Cir.1987).

A district court may deny bail if, after a hearing, it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e) (2002).

Having considered all of appellant's arguments and reviewed the record, we conclude that the district court's factual findings are not clearly erroneous. Azzara does not contest the essential accuracy of the facts relied upon by the district court. Instead, he argues that the court erred by placing too much emphasis on certain facts and not enough on others. Azarra essentially takes exception to how the district court weighed the evidence. Under the deferential standard of review applicable here, this argument is futile. The district court considered the proper factors, and there is more than enough evidence in the

record to support its findings. Azzara has failed to show that the district court's factual finding were erroneous, much less clearly erroneous.

The judgment of the district court is AFFIRMED.